IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                 Plaintiff,

v.

LUCAS WEBER and LINDSEY WALKER,

                 Defendants.

OPINION and ORDER

17-cv-116-jdp

---

Plaintiff Alfredo Vega, appearing pro se, is an inmate at Green Bay Correctional Institution. In this lawsuit, Vega alleges that defendant prison officials conducted a disciplinary hearing without many of the procedural safeguards afforded him by prison regulations, which he says violated his right to due process. Vega has filed several motions, including a motion for default judgment, all of which I will deny. Defendants have filed a motion to dismiss the case, which I will deny. I will also set a new summary judgment briefing schedule.

**A. Motion for default judgment**

Vega has filed a motion for default judgment, stating that defendants did not file an answer within the time set by the court. Dkt. 18. But defendants promptly filed a motion to dismiss instead of an answer, which is allowed under Federal Rule of Civil Procedure 12. So I will deny Vega's motion.

**B. Motion to dismiss**

Vega brings claims that defendants violated his due process rights by holding a disciplinary hearing without many of the procedural safeguards provided inmates by DOC regulations. In my order screening the complaint, I stated that not every deficiency Vega alleged supported a due process claim, but he properly alleged that he was denied an adequate chance

to prepare for the hearing because he was not given a copy of the conduct report or advanced knowledge of when the hearing would be held. Dkt. 7, at 4.

Defendants have filed a motion to dismiss the case, contending that Vega's allegations do not state due process claims because defendants' actions that violated DOC regulations were "random and unauthorized," and Vega had adequate postdeprivation remedies available to him; they note that Vega's disciplinary conviction was vacated upon administrative appeal.[1] *See* Dkt. 15 (citing *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996); *Williams v. Pollard*, No. 14-CV-0148, 2015 WL 5521876, at *2 (E.D. Wis. Sept. 18, 2015); *Scott v. McCaughtry*, 810 F. Supp. 1015, 1020 (E.D. Wis. 1992); *Duenas v. Nagle*, 765 F. Supp. 1393, 1399 (W.D. Wis. 1991)).

But the majority of the cases they cite for these propositions predate a shift in the analysis of prison-discipline due process cases following the Court of Appeals' decision in *Armstrong v. Daily*, 786 F.3d 529 (7th Cir. 2015), a case in which the court concluded that a prosecutor's misconduct was not random or unauthorized, and that the availability of postdeprivation remedies for the liberty interest at stake in a criminal trial did not extinguish the prisoner's due process claim. On at least two occasions, the court has applied *Armstrong* in the prison-discipline context in situations very similar to Vega's, concluding that a prisoner could bring due process claims for due process violations in a disciplinary proceeding. *See Lindell v. Pollard*, 681 F. App'x 518, 521 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 258 (2017) ("The district court reasoned that the lack of evidence could not matter because, in the court's view,

---

[1] Vega has filed several late proposed supplements to his opposition to the motion to dismiss. None of them contain information that Vega could not have provided in his original opposition. I will not consider those documents in ruling on the motion.

the resulting deprivation was random and unauthorized, and thus could not have violated the Due Process Clause if Wisconsin provides a meaningful postdeprivation remedy—a tort suit. But that reasoning is mistaken; the deprivation occurred as a result of an established state procedure and was not random and unauthorized." (citations omitted)); *See also Tonn v. Dittmann*, 607 F. App'x 589, 590–91 (7th Cir. 2015) ("A post-deprivation remedy may be appropriate when a pre-deprivation hearing is impractical. But here Tonn had a pre-deprivation hearing—his prison disciplinary hearing—and at *that* hearing the prison could have but allegedly did not supply any evidence to support the restitution order." (emphasis in original) (citations omitted)).

The common thread in these cases is that the plaintiff was afforded predeprivation process, but that process itself lacked the safeguards required by the Due Process Clause. That is what Vega alleges happened in this case, and defendants do not grapple with *Armstrong* or the prison-discipline cases invoking *Armstrong*. I will deny their motion to dismiss, although they are free to argue the proper scope of these cases at the summary judgment stage of the proceedings.

**C. Summary judgment**

Even though the case will move forward, it is unclear whether there are any disputed factual issues or whether Vega will be able to show that he was harmed in a meaningful way. Vega submitted a motion for summary judgment, Dkt. 36, on which the court stayed briefing, pending resolution of the motion to dismiss. But the documents the parties have submitted thus far appear to show that after Vega's initial disciplinary conviction was vacated, he received a second hearing, was re-convicted, and was given the same penalty—180 days of segregation and restitution for a trip to the hospital. Dkt. 1-6, at 2. If Vega's initial placement in segregation

was treated as time served on his second conviction, then it is highly unlikely that he would be unable to recover anything more than nominal damages of $1.00 for the alleged due process violation. *See Shigemura v. Duft*, 211 F. App'x 499, 501 (7th Cir. 2006) (plaintiff entitled to nominal damages even after state vacated portion of disciplinary ruling revoking good-time credits). If the stakes are truly that low, the case may be ripe for settlement by the parties.

Nevertheless, I will strike the current schedule and set a new, unified summary judgment briefing schedule, anticipating that defendants would like to file their own motion. Defendants may have until January 7, 2019, to submit their response to Vega's motion combined with their own motion and supporting materials. Vega may have until February 7, 2019, to file his combined reply on his own motion and response to defendants'. Defendants may have until February 18, 2019, to file a reply in support of their motion.

Should the parties' summary judgment materials show that there are no genuine issues of material fact, I will enter judgment as a matter of law. Should the briefing reveal issues of fact to be tried, I will set a trial date.

**D. Remaining motions**

Plaintiff has filed a motion to hold a hearing over videoconference to resolve the motion to dismiss. Dkt. 45. That motion is mooted by this order denying defendants' motion.

Vega has filed a motion to compel discovery, stating that defendants did not respond to his discovery requests. Dkt. 41. I will deny the motion given the stay in place pending resolution of the motion to dismiss. But Vega need not re-submit those discovery requests; defendants are now on the clock to respond. Vega may refile his motion to compel if he finds defendants' responses to be inadequate.

ORDER

IT IS ORDERED that:

1. Plaintiff Alfredo Vega's motion for default judgment, Dkt. 18, is DENIED.

2. Defendants' motion to dismiss, Dkt. 14, is DENIED.

3. The current schedule is STRUCK. A new schedule for summary judgment briefing is set in the opinion above.

4. Plaintiff's motion for a videoconference, Dkt. 45, is DENIED.

5. Plaintiff's motion to compel discovery, Dkt. 41, is DENIED without prejudice.

Entered October 29, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge