IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                        Plaintiff,

  v.

LUCAS WEBER and LINDSAY WALKER,

                        Defendants.

ORDER

17-cv-116-jdp

---

Plaintiff Alfredo Vega, appearing pro se, is an inmate at Green Bay Correctional Institution. Vega alleges that when he was housed at Columbia Correctional Institution, defendant prison officials Lucas Weber and Lindsay Walker conducted a disciplinary hearing without some of the procedural safeguards afforded him by prison regulations, which he says violated his right to due process.

Vega has filed a motion for summary judgment. Dkt. 36. Briefing on that motion is stayed pending the resolution of several other motions that Vega has filed, which I will address below.

**A. Motions to amend the complaint**

Vega has filed two motions to amend the complaint. In his first motion, Dkt. 55, he seeks to add Eighth Amendment medical care claims against defendants for placing him in segregation as a result of his disciplinary conviction, despite knowing that he suffered from mental illness. He says that he was not allowed to be treated at the Wisconsin Resource Center because of his segregation status.

Defendants contend that the claim is futile because Vega cannot recover for damages for emotional distress without suffering a physical injury. *See* 42 U.S.C. § 1997e(e). I disagree

with this contention, because even assuming that he suffered no physical injury and therefore cannot recover for emotional damages either, he could still recover nominal damages for the violation of his rights.

But Vega's proposed amendment is futile for another reason raised by defendants: he fails to state Eighth Amendment claims against defendants Security Director Weber and Unit Manager Walker, who are not medical professionals. In the context of this case, it was their job to administer the prison disciplinary process. It was not their job to provide medical treatment to prisoners. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (prison officials are "entitled to relegate to the prison's medical staff the provision of good medical care"). The state has the duty to provide adequate medical care for all of its inmates, including those housed in segregation. If Vega wants to bring claims against the medical professionals who failed to properly treat him while he was in segregation, or the officials who created the policy prohibiting him from being sent to WRC, he should file a new lawsuit about those events. But he does not state a claim that Weber or Walker were personally responsible for Vega's inadequate mental health treatment in segregation.

In Vega's second motion for leave to amend his complaint, Dkt. 66, he seeks to add another defendant, former CCI Warden Michael Dittmann. Vega alleges that Dittmann delegated the task of assigning a hearing officer and a staff advocate to defendant Weber. I will deny this motion to amend because the new allegations fail to state a due process claim against Dittmann. In cases like this one brought under 42 U.S.C. § 1983, supervisors cannot be held liable for the misdeeds of their subordinates merely because they are supervisors. At the very least, the supervisor must know about unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye to it to satisfy the personal responsibility requirement of § 1983.

*Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Vega's allegations do not suggest that Dittmann approved Weber's actions or otherwise was personally responsible for them. I also note that inmates generally do not have a due process right to an advocate in disciplinary proceedings, so one part of his allegations would not state a claim even if he had shown that Dittmann was personally involved. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992).

**B. Motion for default judgment**

Vega filed a motion for default judgment against Dittmann for failing to file a brief opposing his motion to amend the complaint to add Dittmann as a defendant. But as stated above, I am not allowing Vega to amend his complaint to add a claim against Dittmann, so was never served with the complaint in this action, nor was he required to respond to Vega's motion. The briefing schedule was meant to provide the already existing defendants a chance to oppose the motion, which they did. There is no reason to consider default, so I will deny Vega's motion.

**C. Motion to compel discovery**

Vega has filed a motion to compel defendants to respond to two sets of discovery requests. For the first set, Vega's "second request for interrogatories and request for production of documents," it appears that he drafted his motion on the very first day after defendants' 30-day period to respond had ended, and before defendants ultimately sent him their responses a day or two late. So Vega does not raise substantive objections in his brief-in-chief. In his reply brief, he takes issue with defendants' objections to producing non-defendant prison officials' work schedules and information about Vega's mental health and self-harm during his

3

placement in "control status" in December 2016, after the disciplinary conviction at issue here was overturned. Defendants say that those materials are irrelevant to his due process claims.

Vega states that this information is relevant because it helps to show that defendants knew about his mental health problems when they deprived him of his due process rights, and it shows the mental distress he suffered as a result of defendants' actions. He also notes his attempt to amend the complaint to include Eighth Amendment claims for placing him in segregation. I have already concluded above that Eighth Amendment claims against defendants would be futile because defendants simply are not responsible for Vega's mental health treatment or the conditions of the segregation unit. And the harm that Vega says he suffered took place after the alleged due process violations were rectified by his disciplinary conviction being vacated. So there is no plausible reason to think that events postdating the vacation of his conviction would be relevant to his due process claims. I will deny Vega's motion to compel that set of materials.

With regard to the second set of materials, Vega jumped the gun on filing his motion to compel, filing it only 18 days after his "second request for production of documents." Dkt. 64-2. Under Federal Rule of Civil Procedure 34(b)(2)(A), defendants had 30 days to respond. So I will deny the motion to compel these materials. Vega is free to renew his motion if defendants still have not responded to his request or they have refused to provide the requested materials.

**D. Remaining schedule**

I previously stated that, given the documents already submitted in this case, it is unclear whether there are any disputed factual issues or whether Vega will be able to show that he was harmed in a meaningful way. The documents show that after Vega's initial disciplinary

4

conviction was vacated, he received a second hearing, was re-convicted, and was given the same penalty—180 days of segregation and restitution for a trip to the hospital. Dkt. 1-6, at 2. If Vega's initial placement in segregation was treated as time served on his second conviction, then it is highly unlikely that he would be unable to recover anything more than nominal damages of $1.00 for the alleged due process violation. *See Shigemura v. Duft*, 211 F. App'x 499, 501 (7th Cir. 2006) (plaintiff entitled to nominal damages even after state vacated portion of disciplinary ruling revoking good-time credits). And as I stated in denying defendants' motion to dismiss, recent due process cases have made clear that the "random and unauthorized misconduct" defense commonly used in due process cases will not apply to the facts of this case, where the alleged misconduct took place as part of the very predeprivation process Vega was supposed to receive. *See* Dkt. 49, at 2–3.

I will reset the dispositive motions deadline that was stayed pending resolution of the various motions that Vega recently filed. But even before that new deadline arrives, this case may be able to be resolved relatively quickly by completing the briefing of Vega's already filed summary judgment motion. A new briefing schedule is set below. If it is clear from this briefing that there are no genuine issues of material fact, I will enter judgment as a matter of law.

ORDER

IT IS ORDERED that:

1. Plaintiff Alfredo Vega's motion for leave to amend his complaint, Dkt. 55, is DENIED.

2. Plaintiff's motion for leave to amend his complaint, Dkt. 66, is DENIED.

3. Plaintiff's motion for default judgment, Dkt. 69, is DENIED.

4. Plaintiff's motion to compel discovery, Dkt. 61, is DENIED.

5. Defendants may have until March 21, 2019, to submit their opposition to plaintiff's motion for summary judgment. Plaintiff may have until March 28, 2019, to file his reply.

6. The new dispositive motions deadline is April 22, 2019.

Entered March 7, 2019.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge