IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

        Plaintiff,

 v.

LUCAS WEBER and LINDSAY WALKER,

        Defendants.

ORDER

17-cv-116-jdp

---

Plaintiff Alfredo Vega, appearing pro se, is an inmate at Green Bay Correctional Institution. Vega alleges that when he was housed at Columbia Correctional Institution, defendant prison officials Lucas Weber and Lindsay Walker conducted a disciplinary hearing without some of the procedural safeguards afforded him by prison regulations, which he says violated his right to due process. Vega has filed a motion for summary judgment, Dkt. 36, which I will deny because he fails to show that that he is entitled to judgment as a matter of law.

UNDISPUTED FACTS

I draw the following undisputed facts from the parties' summary judgment materials.

Plaintiff Alfredo Vega is a state of Wisconsin prisoner. The case involves a conduct report that Vega received for an incident on September 20, 2016, while Vega was in disciplinary separation at Columbia Correctional Institution (CCI). Defendants say that Vega, who was placed in disciplinary segregation at the time, became disruptive, calling the sergeant on duty in restrictive housing a "punk ass bitch fag" and covering his cell window. When staff opened the trap of Vega's cell, they saw him ingesting small white pills.

Vega disobeyed orders to come to the door, and officers eventually used incapacitating agents to get Vega to stop consuming the medication. Vega was sent to the hospital for treatment.

An officer prepared a conduct report charging Vega with disobeying orders, misuse of medication, disruptive conduct, and threats. Defendants say that Officer Conroy (who is not a defendant) gave Vega a copy of the conduct report on September 22, 2016, along with a form explaining the some of Vega's rights and giving the prisoner the choice of waiving the hearing. Conroy marked the box "Inmate refuses to sign." Dkt. 76-1, at 11. Vega says that he did not receive a copy of the conduct report. The warden designated defendant Lucas Weber, the CCI security director, to assign a hearing officer to conduct the disciplinary hearing.

On September 27, 2016, Vega was transferred to Wisconsin Resource Center. Defendant Weber directed defendant Lindsay Walker, a unit manager at CCI, to go to WRC on October 5 to hold the hearing for the conduct report. Vega was not given a staff advocate. At the hearing, Walker reviewed the conduct report, read it aloud to Vega, and permitted him to make an oral statement, which she summarized on the hearing form. Walker also documented a statement from Vega that he submitted a form asking for witnesses at his hearing—Walker now says that the request form was "not received." Walker did not record any statements by Vega that he failed to receive a copy of the conduct report. Walker found Vega guilty of all four counts. Following the hearing, Walker gave Vega a disposition of 180 days disciplinary separation plus restitution for his hospital trip.

Vega appealed the decision, arguing in part that he had been denied the opportunity to have a staff advocate and to call witnesses. On November 17, 2016, the warden remanded the matter for rehearing because Vega did not have an advocate, and because Walker had "no

approval of over 120 [days] disposition." Dkt. 39-4, at 3. The conduct report was reheard on January 12, 2017, before a different hearing officer. Vega was found guilty on all four counts, he received 180 days of disciplinary separation, and he was assessed $500 in restitution.

ANALYSIS

Vega brings claims that defendants Weber and Walker deprived him of due process at his October 5, 2016 disciplinary hearing.

To succeed on his motion for summary judgment, Vega must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in the nonmoving party's favor. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

Given these standards, it can be difficult for a plaintiff to succeed on a motion for summary judgment. It is not enough for a plaintiff to provide reasons why he should win. Rather, the materials that both he and defendants provide must show that no reasonable jury could do anything other than find in plaintiff's favor. Vega fails to meet that showing here.

A prisoner challenging the process afforded in a prison disciplinary proceeding must show that: (1) he has a liberty or property interest with which the state interfered; and (2) the procedures he was afforded upon that interference were constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697

(7th Cir. 2009). Defendants contend that Vega fails to prove either part of the standard in this case.

The Supreme Court has explained that a prisoner's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995). "[A] liberty interest may arise if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009). Courts in this circuit have generally concluded that short-term placements of less than six months do not involve a liberty interest. Longer periods of segregation do require inquiry into the conditions to determine if they impose an "atypical, significant" hardship. *Id.* at 697 (citing *Wilkinson v. Austin*, 545 U.S. 209, 214, 224 (2005) (prisoners' liberty interests implicated when placed in segregation depriving them of virtually all sensory stimuli or human contact for an indefinite period of time)). Vega does not address the conditions of his segregation in his proposed findings of brief. Coupled with 180-day length of his sentence, which is already on the borderline of segregation placements that could sustain a due process claim, Vega's failure to develop facts or argument about the harshness of his conditions in segregation is reason enough to deny his motion for summary judgment.

Vega also fails to show that he is entitled to judgment regarding the deprivation of specific due process guarantees. Vega says that his due process rights were violated by (1) not being given advance notice of the hearing date; (2) not being given a copy of the conduct report; (3) not being given a staff advocate; and (4) not being allowed to call witnesses. And he says that defendants violated the administrative code in several ways.

But as I previously explained in screening Vega's complaint, he is not constitutionally entitled to all of these procedural safeguards. *See* Dkt. 7, at 4. More specifically, he does not have a constitutional right to an advocate or to call witnesses. This case is not about whether defendants violated DOC procedures for disciplinary hearings; the scope of constitutional due process claims for this type of disciplinary proceeding is governed by cases like *Wilkinson* and *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012). Under those cases, Vega was entitled to receive only informal, nonadversarial due process. The Court of Appeals for the Seventh Circuit explained in *Westefer*:

> Informal due process requires "some notice" of the reasons for the inmate's placement, and enough time to "prepare adequately" for the administrative review . . . . In other words, only a single prison official is needed as the neutral reviewer—not necessarily a committee. Informal due process requires only that the inmate be given an "opportunity to present his views"—not necessarily a full-blown hearing. If the prison chooses to hold hearings, inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses. . . . Nor does informal due process necessarily require "a written decision describing the reasons" for an inmate's placement, or mandate an appeal procedure.

682 F.3d at 684–86 (citations omitted).

In my order screening the complaint, I stated that Vega alleged that he was not given a copy of the conduct report or advanced knowledge of when the hearing would be held, which potentially shows that he was not given an adequate chance to prepare for the hearing. But at summary judgment, the parties dispute whether Vega received the conduct report, and defendants say that Vega was at least informed of the general timeframe that his hearing would occur. If I credit defendants' version of events, as I must in deciding Vega's motion for summary judgment, a reasonable jury could conclude that Vega was given adequate opportunity to prepare for his hearing. So I will deny Vega's motion for summary judgment.

Defendants have filed their own motion for summary judgment, which is currently being briefed. Vega has another chance to set forth his version of events and present argument for why defendants should not be granted judgment in their favor. Vega should take care to address the issues discussed in this opinion: he needs to explain the conditions of his confinement in disciplinary segregation and why he believes that he was not able to adequately prepare for his hearing.

ORDER

IT IS ORDERED that plaintiff Alfredo Vega's motion for summary judgment, Dkt. 36, is DENIED.

Entered March 29, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge