IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALFREDO VEGA,

                    Plaintiff,

  v.

LUCAS WEBER and LINDSEY WALKER,

                    Defendants.

OPINION and ORDER

17-cv-116-jdp

---

Plaintiff Alfredo Vega, appearing pro se, alleges that defendant prison officials violated his due process rights by failing to give him proper notice before a disciplinary hearing, after which he was sentenced to disciplinary segregation. Defendants have filed a motion for summary judgment. Dkt. 73. Any deficiency in Vega's hearing was corrected by a rehearing at which he received the same sentence. I will grant defendant's motion for summary judgment and dismiss the case.

UNDISPUTED FACTS

The following facts are undisputed unless otherwise noted. The facts are drawn from the proposed findings accompanying defendants' summary judgment motion, and the facts from Vega's earlier summary judgment motion, which I've already denied. *See* Dkt. 83 (order denying Vega's motion for summary judgment).

Plaintiff Alfredo Vega is a state of Wisconsin prisoner. This case involves a conduct report that was issued against Vega for an incident on September 20, 2016, while he was imprisoned at Columbia Correctional Institution (CCI). Both defendants worked at CCI: defendant Lucas Weber was the security director and Lindsay Walker was an officer. The

details of the events that resulted in the conduct report are disputed, but the underlying events are not material to this case, which involves the hearing process.

Vega was charged with disobeying orders, misusing medication, acting in a disruptive manner, and making threats. Defendants say that Officer Conroy (not a defendant) gave Vega a copy of the conduct report on September 22, 2016, along with a form explaining some of Vega's rights and giving the Vega the option to waive the hearing. Officer Conroy marked the box, "Inmate refuses to sign." Dkt. 76-1, at 11. Vega says that he did not receive a copy of the conduct report. Defendant Weber reviewed the conduct report and then assigned defendant Walker as the hearing officer for Vega's due process hearing.

On October 5, 2016, Walker held Vega's due process hearing. At this hearing, Walker read the conduct report aloud to Vega and permitted him to make an oral statement, but Vega did not have a staff advocate and he was not able to call any witnesses. The hearing report summarized Vega's statement at the hearing, and it documented Vega's contention that he had requested witnesses at his hearing. Walker says he didn't receive Vega's pre-hearing request for witnesses. Walker found Vega guilty of all four counts and he sentenced Vega to 180 days of disciplinary segregation and restitution for a hospital trip. Vega's 180-day disciplinary sentence began that same day.

Vega appealed Walker's decision to the warden, contending that he had been deprived of due process at the hearing. On November 30, 2016, the warden remanded the matter for rehearing. A worksheet from the appeal states that the rehearing was recommended because "they were supposed to provide an advocate and did not," and "[a]lso no approval of over 120 [days] disposition." Dkt. 39-4, at 3.

On January 12, 2017, Vega's rehearing was conducted by a different hearing officer. Vega was given a staff advocate for the rehearing who contacted Vega and informed him of the rehearing the day before it took place. Dkt. 80-7 at 5. Vega was able to call a witness at the rehearing. Vega was again found guilty of all four counts, and he received the same 180-day sentence of disciplinary segregation. He also was charged $500 in restitution for the hospital trip. The new 180-day disciplinary segregation sentence ran from the date of the first hearing—October 5, 2016. By this time, Vega had served 100 days of the now reaffirmed 180-day disciplinary segregation sentence.

The next day, Vega appealed the rehearing decision to the warden. In this appeal, Vega did not challenge the process involved in the rehearing; instead he complained that the $500 restitution was improper because the hospital did not charge Vega anything. Dkt. 76-1, at 12. On February 23, 2017, the warden modified the rehearing decision by reducing Vega's 180-day sentence to 90 days and rescinding the $500 restitution. Two days later, Vega was removed from disciplinary segregation. He had served a total of 144 days.

ANALYSIS

Vega contends that defendants violated his constitutional right to due process by conducting his first disciplinary hearing without giving him proper notice, which deprived him of an advocate and the opportunity to call a witness.

The threshold question for this type of claim is whether the plaintiff was deprived of an interest in "life, liberty, or property" that is protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Prisoners are entitled to due process protection for deprivations of liberty that amount to an "atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner's placement in disciplinary segregation may implicate a liberty interest "if the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009); *see also Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014).

Defendants contend that Vega's disciplinary segregation did not meet this standard. Specifically, defendants argue that the limitations placed on Vega in disciplinary segregation were not severe enough to give rise to a liberty interest. As I pointed out in denying Vega's motion for summary judgment, a 180-day sentence is on the borderline of a segregation placement long enough to support a due process claim. So, for Vega to prevail on his claim, he would have to provide evidence describing the harshness of the conditions in disciplinary segregation. Dkt. 83, at 4. But Vega only briefly discusses the severity of restrictions in his segregation unit in his opposition brief and a proposed sur-reply, Dkt. 86.[1] Vega describes restrictions in visitor contact, religious services, and exercise. None of those restrictions are particularly harsh in the context of segregation-based due process cases. But the decisive issue here is not the conditions, but the length of his segregation.

I agree with Vega that there are factual disputes over whether he had proper notice of his original due process hearing, at which he was sentenced to 180 days of segregation. But whatever procedural deficiencies there might have been were corrected in his subsequent hearing, where he was again sentenced to a 180-day term of segregation. Vega doesn't have any

---

[1] I did not invite the sur-reply, and Vega did not request permission to file it, so ordinarily I would not consider it. But because Vega is proceeding without the benefit of counsel, I'll consider the sur-reply.

persuasive arguments about the process he received at the rehearing. He argues that the rehearing was held too long after he won his first appeal, in violation of DOC regulations. But as I explained, the Due Process Clause doesn't protect him from violations of the DOC procedures; the scope of constitutional due process claims for this type of disciplinary proceeding is governed by cases including *Wilkinson v. Austin*, 545 U.S. 209 (2005), and *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Because Vega received constitutionally sound process at the rehearing and received the same sentence, the first hearing did not deprive him of any liberty, let alone a liberty interest substantial enough to implicate the Due Process Clause.

But even if the procedural problems were corrected only by the warden's ultimate decision to reduce Vega's sentence, Vega would still not have a valid due process claim. The warden reduced the sentence to 90 days, but Vega actually served 144. That means that Vega served 54 days more than his sentence. But a 54-day period in segregation is not nearly long enough to implicate a protected liberty interest. *See, e.g.*, *Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005) (concluding that up to 90 days of disciplinary segregation does not create a liberty interest); *Smith v. Akpore*, 689 F. App'x 458 (7th Cir. 2017) (30 days in investigative segregation and approximately 90 days in disciplinary segregation were not long enough to raise a liberty concern); *Obriecht v. Raemisch*, 565 F. App'x 535, 540 (7th Cir. 2014) (78 days in "deplorable conditions" did not implicate a liberty interest).

Because Vega did not suffer the loss of any liberty interest, and certainly no liberty interest protected by the Due Process Claus, I will grant defendants' motion for summary judgment.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 73, is GRANTED.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered March 27, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge